# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **Norfolk Southern Railway Company**<br>Three Commercial Place<br>Norfolk, VA  23510<br>  **Plaintiff,**<br><br>  v.<br><br>**Phenix Farms, Inc.**<br>11293 South 700 East -90<br>Geneva, IN 46740-9410<br><br>and<br><br>**Randal E. Plummer**<br>10880 South 600 East<br>Keystone, IN 46759<br><br>  **Defendants.** | **CASE NO**: |

## COMPLAINT

Plaintiff Norfolk Southern Railway Company, by and through its attorneys, files this Complaint against defendants, Phenix Farms, Inc. ("Phenix"), and Randal E. Plummer ("Plummer"), and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, Norfolk Southern Railway Company ("Norfolk Southern"), is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Norfolk, Virginia. Norfolk Southern operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

2. Phenix is an Indiana corporation with its principal office in Geneva, Indiana. The registered agent of Phenix is David Baumgartner, with a last known address of 110 South Jefferson Street, Berne, Indiana, 46711.

3. Plummer is the President of Phenix and resides in Keystone, Indiana.

## JURISDICTION

4. Jurisdiction is based upon 28 U.S.C § 1332 diversity as the plaintiff and defendants are citizens of different states, and the amount in controversy is in excess of $75,000.

## VENUE

5. Venue properly lies in this district pursuant to 28 USC § 1391(b) because the defendants reside in and are subject to personal jurisdiction in this judicial district, and a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

## PREDICATE FACTS

6. On December 27, 2018, Norfolk Southern train L42L927 (the "Train") was traveling northbound within Wabash County, Indiana, approaching a public highway grade crossing at the intersection of County Road 800 South and State Road 15 (the "Crossing").

7. State Road 15 runs parallel to the railroad tracks near the Crossing, as shown below:



8. On or about December 27, 2018, a Phenix owned Peterbilt-Motors 378 tractor-trailer (the "Truck") approached the Crossing while traveling westbound on County Road 800 South at the same time the Train approached the Crossing.

9. As the Train approached the Crossing, it sounded its horn.

10. Ignoring the approaching Train and the horn, the Truck entered and obstructed the Crossing.

11. At the time, Plummer was operating the Truck as an employee, principal agent, ostensible agent, workman and/or servant of Phenix.

12. Due to Phenix and/or its agent, employee or servant's obstruction of the Crossing and failure to yield to the approaching Train, the Train collided with the Truck (the "Incident").

13. The Incident was caused solely and wholly by the negligence, gross negligence, carelessness, recklessness, and wantonness of Phenix and Plummer, joint and severally.

14. Plummer was acting within his scope of his employment and his authority for Phenix at the time of the Incident.

15. As a result of the Incident, Norfolk Southern suffered damages in excess of $75,000.

16. Norfolk Southern's damages were caused by Phenix's and/or Plummer's negligent, wanton, and/or reckless operation of the Truck.

## CAUSES OF ACTION
## COUNT I: NEGLIGENCE
*Norfolk Southern v. Phenix*

17. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if set forth at length herein.

18. Phenix had a duty to Norfolk Southern and others to operate the Truck in a safe manner, observe due care, and a duty to stop or otherwise yield to oncoming rail traffic but failed to do so.

19. Phenix failed to operate the Truck in a safe manner by entering a railroad crossing in front of an oncoming train, despite the Train sounding its horn, resulting in the Incident.

20. As a direct and proximate result of Phenix's negligence, carelessness, and

4

recklessness, Norfolk Southern suffered property damages in excess of $75,000 that were foreseeable consequences of the negligence of Phenix.

## COUNT II: NEGLIGENCE
*Norfolk Southern v. Plummer*

21.  Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if set forth at length herein.

22.  Plummer had a duty to Norfolk Southern and others to operate the Truck in a safe manner, observe due care, and a duty to stop or otherwise yield to oncoming rail traffic but failed to do so.

23.  Plummer failed to operate the Truck in a safe manner by entering a railroad crossing in front of an oncoming train, despite the Train sounding its horn, resulting in the Incident.

24.  At the time of the Incident, Plummer was an agent, servant, workman, and/or employee of Phenix, and was operating the Truck in the course and scope of his agency and employment with Phenix.

25.  As a direct and proximate result of Plummer's negligence, carelessness, and recklessness, Norfolk Southern suffered property damages in excess of $75,000 that were foreseeable consequences of the negligence of Plummer.

## COUNT III: NEGLIGENCE PER SE
*Norfolk Southern v. Phenix*

26.  Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if set forth at length herein.

27.  At the time of the Incident, Phenix was negligent per se by reason of having violated multiple laws governing the operation of motor vehicles that were meant

to protect Norfolk Southern and other motorists from the type of harm that resulted from the Incident, including, but not limited to, the following:

    a. Indiana Code § 9-21-8-39. Railroad grade crossings.

    b. Indiana Code § 9-21-8-40. Heavy equipment or structures; railroad grade crossings; notice; procedure.

    c. Indiana Code § 9-21-8-41. Traffic control devices.

    d. Indiana Code § 9-21-8-45. Farm wagons; interstate and state highways; prohibitions.

    e. Indiana Code § 9-21-8-50. Reckless operation of a tractor-trailer combination.

28. As a direct and proximate result of Phenix's negligence per se, Norfolk Southern suffered property damages in excess of $75,000 that were foreseeable consequences of the negligence of Phenix and Phenix's employees, agents, or servants, like Plummer.

## COUNT IV: NEGLIGENCE PER SE
*Norfolk Southern v. Plummer*

29. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if set forth at length herein.

30. At the time of the Incident, Plummer was negligent per se by reason of having violated multiple laws governing the operation of motor vehicles that were meant to protect Norfolk Southern and other motorists from the type of harm that resulted from the Incident, including, but not limited to, the following:

    a. Indiana Code § 9-21-8-39. Railroad grade crossings.

    b. Indiana Code § 9-21-8-40. Heavy equipment or structures; railroad grade

6

      crossings; notice; procedure.

  c. Indiana Code § 9-21-8-41. Traffic control devices.

  d. Indiana Code § 9-21-8-45. Farm wagons; interstate and state highways; prohibitions.

  e. Indiana Code § 9-21-8-50. Reckless operation of a tractor-trailer combination.

31. As a direct and proximate result of Plummer's negligence per se, Norfolk Southern suffered property damages in excess of $75,000 that were foreseeable consequences of the negligence of Plummer.

**WHEREFORE**, Plaintiff Norfolk Southern Railway Company respectfully demands that judgment be entered in its favor and against defendants Phenix Farms, Inc. and Randal E. Plummer, jointly and severally, in an amount to be proven at trial, in addition to prejudgment interest, together with costs, attorney's fees, and such other relief as the Court may allow.

                                              **KEENAN COHEN & MERRICK, P.C.**

                              By:    s/ Eric C. Palombo
                                       Eric C. Palombo
                                       125 Coulter Ave
                                       Suite 1000
                                       Ardmore, PA 19003
                                       Phone: (215) 609-1110
                                       Fax: (215) 609-1117
                                       Email:  epalombo@freightlaw.net
                                       *Attorneys for Plaintiff*
                                       *Norfolk Southern Railway Co.*

Date: November 10, 2020